STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
DIANA M. RIVERA, ESQ.; STATE BAR NO.: 222025

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: sforman@tharpe-howell.com
E-Mail: drivera@tharpe-howell.com

Attorneys for Defendant,
LOWE'S HOME CENTERS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON LUNA<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LOWE'S; LOWE'S COMPANIES, INC., *dba* LOWE'S; LOWE'S HOME CENTERS, LLC; and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | Case No.:<br>[*Solano County Superior Court Case No.: FCS056547*]<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed: May 19, 2021 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1332 and §1441(b), Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of this notice, is affecting the removal of the below-referenced action from the Superior Court of the State of California for the County of Solano, to the United States District Court, Eastern District of California. The removal is based, specifically, on the following grounds.

### JURISDICTION AND VENUE ARE PROPER

1. This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds

$75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3. On May 19, 2021, Plaintiff RAMON LUNA commenced the above-entitled civil action in the Superior Court for the County of Solano by filing a Complaint therein entitled *Ramon Luna* v. *Lowe's, et al.*, Case No. FCS056547.  True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit "A:"**

 a. Summons;
 b. Complaint;
 c. Statement of Damages;
 d. Civil Cover Sheet; and
 e. Amended Notice of Case Management Conference and Notice of Assignment of Judge For All Purposes.

4. On September 2, 2021, the Summons, Complaint, Statement of Damages, Civil Cover Sheet, and Amended Notice of Case Management Conference and Notice of Assignment of Judge For All Purposes were personally served on Lowe's Home Centers, LLC's agent for service of process.

5. On September 17, 2021, Defendant Lowe's Home Centers, LLC, filed its Answer to Plaintiff's Complaint and also filed a Demand for Jury Trial.  True and correct copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to Complaint and the Demand for Trial by Jury are attached hereto as **Exhibit "B."**

6. The attached exhibits constitute all process, pleadings and orders served upon and by Defendant LOWE'S HOME CENTERS, LLC, in this matter.

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

# DIVERSITY

### A. Citizenship

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

8. Plaintiff RAMON LUNA was, at the time of the filing of this action, and presently remains, domiciled in the State of California and is therefore a citizen of the State of California.

9. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC, is a manager-managed limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc. is a publicly traded North Carolina corporation with its principal place of business in North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC, is a citizen of the State of North Carolina.

10. Named defendant LOWE'S COMPANIES, INC., is incorporated in the State of North Carolina and has its principal place of business in North Carolina. Accordingly, LOWE'S COMPANIES, INC., is a citizen of the State of North Carolina.

11. Named defendant "LOWE'S" is a non-existent entity. It is simply a registered trademark. It is not subject to suit and has no bearing on determining the existence of complete diversity.

12. Therefore, complete diversity of citizenship exists as between Plaintiff RAMON LUNA, a citizen of California, and all entity defendants, citizens of North

Carolina.

### B. Consent to Removal Not Necessary for Unserved Defendants

13. Named defendant "Lowe's Companies, Inc., *dba* Lowe's," is not registered with the California Secretary of State to do business in California, and maintains no designated agent for service of process in California. Lowe's Companies, Inc., maintains no regular place of business in California.

14. Pursuant to 28 U.S.C. § 1446(b)(2)(A), the consent of all defendants "properly joined and served" is required prior to removal. However, where a non-joining defendant has not been properly served, its absence from the removal notice will not render the removal defective. *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011).

15. LOWE'S COMPANIES, INC., has never been properly served with the Summons and Complaint in this case. Plaintiff attempted to serve LOWE'S COMPANIES, INC., in California through CSC – Lawyers Incorporating Service, which is the registered agent for service of process in California for LOWE'S HOME CENTERS, LLC. LOWE'S COMPANIES, INC., is a citizen of North Carolina and maintains no registered agent for service of process in California. Accordingly, Plaintiff's attempted service of the Summons and Complaint on LOWE'S COMPANIES, INC., in California was improper and ineffective. Moreover, because the store in which the incident giving rise to this litigation, and in fact all Lowe's retail stores in California, are wholly owned and operated by a separate corporate entity, LOWE'S HOME CENTERS, LLC, LOWE'S COMPANIES, INC., is not even properly joined. Therefore, LOWE'S COMPANIES, INC.'s consent to or joinder in the removal is not required by 28 U.S.C. § 1446(b)(2)(A)

### C. Fictitious Does

16. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any of said fictitious defendants. In determining whether a civil action is removable based on jurisdiction under section

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint refers to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

17. Plaintiff's Complaint sets forth causes of action for negligence and premises liability. See, **Exhibit "A."** Plaintiff alleges that on or about May 20, 2019, he was a patron at Defendant's retail store in Vallejo, California, a shelf that was not secured fell onto plaintiff's head causing him to suffer injuries. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through "other paper" that the amount in controversy exceeds $75,000.00.[1]

18. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see*, *McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also*, *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

19. A defendant must merely set forth the underlying facts supporting its

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. See, Cal. Code Civ. Proc. § 425.10.

assertion that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e. proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also, McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

20. Where an initial pleading is not removable, a notice of removal can be filed within 30 days after receipt of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. §1446(b)(3). The term "other paper" under 28 U.S.C. § 1446(b) refers to any document that is part and parcel of state court proceedings having their origin and existence by virtue of the state court processes. A Statement of Damages constitutes "other paper."

21. Here, on September 2, 2021, Plaintiff served a Statement of Damages listing damages in excess of $75,000.00, *see* **Exhibit "A".**

22. The preponderance of the evidence shows that Plaintiff's damages claims, and thus the amount in controversy, here easily exceeds the $75,000.00 statutory minimum. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

23. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt of Plaintiff's Statement of Damages on September 2, 2021, which first indicated that the matter was removable. 28 U.S.C. §1446(b)(3). Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on May 19, 2021.

///

24. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: October 1, 2021                                         THARPE & HOWELL, LLP


By: ___*/s/ Stephanie Forman*___
    STEPHANIE FORMAN
    DIANA M. RIVERA
    Attorneys for Defendant,
    LOWE'S HOME CENTERS, LLC

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Daniel D. Geoulla, Esq.<br>B & D LAW GROUP, APLC<br>10700 Santa Monica Blvd., Suite 200<br>Los Angeles, CA  90025<br>Tel: 310-424-5252<br>Fax: 310-492-5855<br>Email: daniel@bdinjurylawgroup.com<br><br>cc: teamlit1@bdinjurylawgroup.com | Attorneys for Plaintiff, RAMON LUNA |

5. a.   **X**   **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Fed.R.Civ.P.Rule 5., this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 10/1/2021 | Bertha Muñoz | *(signature)* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32317\Pleadings\FEDERAL\Removal.docx